[No. 1531.]

## Caledonio Chivarrio *v.* The State.

1. MURDER—PLEADING.—INDICTMENT for murder may, in a single count, and without duplicity, charge the accused with the murder of two or more persons by the same act.

2. SAME—JURISDICTION—CHARGE OF THE COURT.—The indictment laid the venue of the offense in W. county, and it was in that county that the prosecution was maintained and the conviction secured. The evidence, however, as stated in a bill of exceptions, shows that it was actually committed within the limits of E. county, an unorganized county attached to W. county for judicial purposes. Under this state of case, the trial court charged the jury as follows: "You are instructed that the county of E. is attached to W. for judicial purposes. If, then, from the evidence, you find that the crime of which the defendant stands accused was actu-

ally committed in E. county, instead of the county of W., and you shall believe beyond a reasonable doubt, from the evidence, that the defendant was the person who committed it, the proof of the venue will be sufficient to warrant you to find him guilty as charged in the indictment." *Held*, error, inasmuch as though W. county could properly try and convict one guilty of an offense within the separate territorial extent of E. county, still the State was not absolved from charging the fact that the offense was committed within said unorganized county, attached to W. county for judicial purposes. But see the opinion *in entenso* on the question.

3. SAME.—Indictment may allege an offense to have been committed in either of the contiguous counties, if in fact it was committed within four hundred yards of their common boundary line.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. Russell.

The indictment charged the appellant with the murder, in Webb county, Texas, on the third day of May, 1879, of Guadalupe Trevino and one Antonio. The conviction was for murder in the first degree, with the death penalty awarded.

The transcript brings up no statement of facts.

The motion for new trial complained of the action of the court in overruling the motion to quash the indictment, denounced the charge of the court, particularly that clause with reference to the venue of the offense, and averred that the verdict was against the law and the evidence.

*J. P. C. Whitehead*, for the appellant: The indictment is duplicitous, because it charges therein two persons to have been murdered in the same indictment, each of which in and of itself was a separate and distinct offense. (*Rucker* v. *The State*, 7 Texas Ct. App., 549, and cases therein cited; *Tucker* v. *The State*, 35 Texas, 113 *et seq.; Williamson* v. *The State*, 13 Texas Ct. App., 574; *Randle* v. *The State*, 12 Texas Ct. App., 251.)

The indictment is vague, indefinite and uncertain, because it does not charge the defendant with having murdered the party named as " Antonio " in said indictment. (Code Crim. Proc., 7 subdiv. Art. 420; *Tucker* v. *The State*, 35 Texas, 213; *Randle* v. *The State*, 12 Texas Ct. App., 251.)

The proof shows the offense to have been committed, if at all, in Encinal county, while it is charged to have been committed in the county of Webb; Encinal county, though unorganized and attached to Webb county for judicial purposes, is an entity

created by law, and is a legal subdivision of the State, described
by metes and bounds; and hence is by statutory enactment
identified as a political division as well as a legal subdivision of
the State. (Const. of the State, Art. 11, sec. 1; Rev. Stats., Art.
773; Acts of 1881, chapter 83; *State* v. *Jordon*, 11 Texas, 205.)

In criminal proceedings the venue must be laid in the county
wherein the occurrence actually took place. (Bishop's Crim.
Proc., secs. 45–67; Russell on Crimes, 2 vol., 120, 794, 800, 801;
*Comm.* v. *Call*, 21 Rich., 509; *Dyer* v. *Riching*, 23 Ind., 402; *State*
v. *Fish*, 4 Iredell, 219; *McElroy* v. *The State*, 8 Eng. (13 Ark.),
708; Whar. Am. Crim. Law, 1 vol., 5 ed., secs. 283, 626; 1 Starkie's
Ev., 466; Archb. Crim. Proc., 40–95; *Searcy* v. *The State*, 4
Texas, 451; 6 Cal., 202; 6 Yerg. (Tenn.), 364; Greenl. on Ev., vol.
3, sec. 12 and notes, 13 ed.; Id., 1 vol., sec. 65; *People* v. *Miller*,
21 Am. Dec., 147; *Collins* v. *The State*, 13 Texas Ct. App., 323;
*State* v. *Jordan*, 12 Texas, 205; *Wilson* v. *Adams*, 15 Id., 324;
*State* v. *Slack*, 30 Id., 354; *State* v *Warren*, 14 Id., 405; *Burch*
v. *The State*, 43 Id., 376; *Williamson* v. *The State*, 13 Texas Ct.
App., 514; *Cross* v. *The State*, 11 Id., 84; *Robbins* v. *The State*,
9 Id., 666; Code Crim. Proc., sub-liv. 5, Art. 420; *Prendez* v. *The
State*, 7 Texas Ct. App., 587; *Collins* v. *The State*, 6 Id., 647.)

The venue must be laid where the offense was committed. It
was not done in this case, as Webb and Encinal counties are
not identical, and the proof showing the offense was committed
in Encinal, when it was charged to have been done in Webb, the
verdict was contrary to the evidence; and the court erring in its
instructions to the jury that proof that the crime, if committed
at all, if done in Encinal might be charged to have been done in
Webb, the verdict was contrary to law, as well as the evidence.

*J. H. Burts*, Assistant Attorney General, for the State: If
the offense was committed in Encinal county, and said county
was attached to Webb county for judicial purposes, this ve-
nue was properly laid in the indictment as in Webb county,
and the indictment showed that the place where the offense was
committed was within the jurisdiction of the court in which the
indictment was presented.

By the Constitution, Article 9, section 1, the Legislature has
power to create counties for the convenience of the people,
subject to prescribed provisions: 1. In the territory exterior to
all existing counties, etc., "The territory referred to may at
any time, in whole or in part, be divided into counties in ad-

vance of population and attached for judicial    *    *    purposes to the most convenient organized county or counties."
Now it is not denied but that Encinal county is attached to
Webb county for judicial purposes, and of this fact the courts
will take judicial knowledge, as well as of the boundaries and
limits of counties. The reason for requiring venue to be laid in
the indictment is to apprise the court of its jurisdiction of the
cause, and the defendant of the fact that he is prosecuted in a
court having jurisdiction of the case.

When the offense in this cause was alleged to have been committed in Webb county, the court, knowing that its jurisdiction
embraced Encinal county, was apprised of the necessary jurisdictional fact, and that the indictment was returned by the
grand jury of the proper county. Indeed, it has been questioned
as to whether or not the venue would be properly laid if laid in
the unorganized county. When laid in the county where the
prosecution is carried on, it embraces all the territory within the
jurisdiction of the court in that county. (*The State* v. *Jordan*,
12 Texas, 205; *Prendez* v. *The State*, 7 Texas Ct. App., 587.)

The venue must of course be laid within the jurisdiction of the
court. The venue in this case was so laid in the indictment.

If an injury be received in one county and the person injured
die in another county, the offense may be prosecuted in either
county. From the record in this cause, this court cannot tell
what the fact was in reference to this, and hence cannot revise
the judgment. (Code Crim. Proc., Art. 214.)

An offense committed on the boundary of two counties, or
within four hundred yards thereof, may be prosecuted and punished in either county, and the indictment may allege the offense
to have been committed in the county where it is prosecuted.
From the record in this cause this court cannot tell what was
the fact in this particular; and even if Encinal had been an organized county, the judgment, in the absence of a statement of
facts, could not be revised, as the reasons of the paragraph in
the charge of the court complained of could not from the record
be ascertained. (Code Crim. Proc., Art. 209.)

Appellant has been convicted of a double murder, and withholds from this court the facts attending it. And it is not difficult to imagine a state of case to which the charge would apply;
and this being the case, this court will not reverse on the
charges:

WHITE, PRESIDING JUDGE. Appellant was convicted of the murder of one Guadalupe Trevino, and of one Antonio, whose other name was alleged to be unknown. He was found guilty of murder in the first degree, and his punishment is assessed at death. There is no statement of facts in the record, and but a single bill of exceptions. In the indictment it is charged that the murder was committed in Webb county, the county in which the trial and conviction were had. A preliminary motion to quash the indictment, because duplicitous in that it alleged the killing of two persons in the same count, was properly overruled. An indictment for murder may, in a single count and without duplicity, charge the prisoner or accused with the murder of two or more persons by the same act. (*Rucker* v. *The State*, 7 Texas Ct. App., 549.)

A serious question is raised by the bill of exceptions, and one not heretofore brought directly before the courts of this State, though it was suggested without decision in *Prendez* v. *The State*, 7 Texas Court of Appeals, 587. As stated above, the indictment charged that the murder was committed in the county of Webb; the evidence, as stated in the bill of exceptions, established that the murder was committed in Encinal county. Encinal county is unorganized, and by law for several years has been attached for judicial purposes to Webb county. Now, in in the charge of the court the following instruction was given the jury, viz: "5. You are instructed that the county of Encinal is attached to the county of Webb for judicial purposes. Therefore, if from the evidence you find that the crime of which the defendant stands accused was committed in Encinal county instead of the county of Webb, and you shall believe beyond a reasonable doubt from the evidence that the defendant was the person who committed it, the proof of the venue will be sufficient to warrant you to find him guilty as charged in the indictment." This charge was excepted to and is complained of as error.

Our Code of Procedure declares that "whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." (Code Crim. Proc., Art. 27.) If resort in this instance were had to the common law, doubtless the position assumed by the court would be held correct under some of the authorities, for we are told by Mr. Wharton "that, while the place of the offense must be shown to be within the juris-

diction, there is no necessity to prove that the facts given in evidence occurred in the parish or place therein alleged; it is sufficient to prove that they occurred within the county, *or other extent of the court's jurisdiction;*" and he cites 2 Hawkins, chapter 25, section 84; 2 Russell on Crimes, 799; Wharton's Criminal Evidence (8 ed.), section 107. Again the same author says: "In another volume it will be shown that it is enough to lay the venue within the jurisdiction of the court," (referring to Wharton's Criminal Pleading and Practice, section 139, section 109) We are further told, however, in this latter section (109) that "when a county includes several jurisdictions. the jurisdiction must be specified." But, says Mr. Bishop: "Where the law allows an indictment in a county other than that in which the offense was committed, still 'all the facts,' says Chitty, 'should be laid in the county where they actually happened.'" (1 Bish. Crim. Proc., 3 ed., sec. 381.)

And this we believe to be the rule in Texas, expressly provided by statute. In chapter two of the Code of Criminal Procedure, relating to "the county within which offenses may be prosecuted," provision will be found for all exceptions intended to be made to this rule. After enumerating the exceptions, we have the following general provisions: "Article 224. In all cases mentioned in the foregoing articles of this chapter the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on; and to sustain the allegation of venue it shall only be necessary to prove that, by reason of the facts existing in the case, the county where such prosecution is carried on has jurisdiction.

"Article 225. In all cases except those enumerated in previous articles of this chapter, the proper county for the prosecution of offenses is that in which the offense was committed." No provision can be found in the previous articles of the chapter for laying the venue of an offense committed in an unorganized county in the county to which it may be attached for judicial purposes. The enumeration of the exceptional cases in the chapter of the Code above referred to, under a general rule of construction well settled, would exclude from the purview of Article 224 all cases not enumerated. And though the case was properly triable in Webb county, Encinal being attached to Webb for judicial purposes, we are clearly of opinion that the venue or place of the offense should have been alleged to be, if such were

the fact, in Encinal county.     Attaching Encinal county to Webb for judicial purposes was never intended to, and did not, destroy its character as a separate, independent subdivision of the State. Its existence as a county, though unorganized, is fully recognized by law; its territorial limits accurately defined; its geographical position and relations clearly delineated upon our maps; and its subordination to Webb county limited solely to judicial purposes. (Constitution, Art. 11, sec. 1; Rev. Stats., Art. 773; State v. Jordan, 12 Texas Reports, 205.)

Because the court erred in its charge to the jury above set forth, the judgment will be reversed and the cause will be remanded, that another indictment and another trial may be had in conformity with the facts in the case. Of course if the offense was committed within four hundred yards of Webb county, the indictment could properly allege it to have been committed in that county. (Code Crim. Proc., Art. 209.) That such might have been the case cannot be inferred either from the charge of the court or the bill of exceptions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*