## A. B. COMPTON v. THE STATE.

No. 9107.   Delivered March 17, 1926.

1.—Manslaughter—Venue—In County Where Injury Was Inflicted.

Where the indictment alleged that the appellant killed the deceased in Floyd County, Texas, and proof showed that the injury which resulted in the death of deceased was inflicted in Floyd County, but that deceased died in Lubbock County, the venue was properly laid in Floyd County. Art. 195 C. C. P. 1925 provides that "If a person receives an injury in one

county, and dies in another, by reason of such injury, the defendant may be prosecuted in the county where the injury was received, or where the death occurred." See also Art. 210 C. C. P. 1925.

### 2.—Same—Evidence—Properly Received.

Where appellant complains of the action of the court in refusing to retire the jury, and permit him to introduce proof showing that the voluntary statement made by the appellant at the examining trial was inadmissible, and the court's qualification to appellant's bill of exception complaining of this matter states that the evidence showed a legal examining trial, with statutory requisites complied with before the statement was introduced, no error is presented.

### 3.—Same—Argument of Counsel—Held Proper.

Where counsel for the state in his argument to the jury said, "I don't usually like to jump on a witness, but as long as they get upon the stand and commit perjury, as Allen McReynolds has done, I am not going to throw any bouquets at them," such comments and criticisms in the light of the evidence in this record were proper deductions and conclusions.

#### ON REHEARING.

### 4.—Same—Statutes Construed—Held Constitutional.

Arts. 195, 210, 400 C. C. P. of 1925 and Subdivision 5 of Art. 396 C. C. P. of 1925 relating to the jurisdiction of offenses committed in two or more counties, are not in contravention of Sec. 10. Art. 1 Constitution of Texas, nor contrary to the 5th, 6th and 14th (Sec. 1) Arts. Constitution of the United States. See Spencer v. Commonwealth, 194 Ky. 699, 240 S. W. 750. Distinguishing Chivarro v. State, 15 Tex. Crim. App. 336.

#### MOTION FOR SECOND REHEARING.

### 5.—Same—Practice on Appeal.

Where appellant filed a motion for rehearing, and later a supplemental motion and argument, and later a supplemental argument, based wholly upon a matter not mentioned or referred to in either the original or supplemental motion, and now asks leave to file a second motion for rehearing, presenting the matters omitted from both the original motion and supplemental motions, this request comes too late to merit attention.

### 6.—Continued.

However, the questions presented in his request for leave to file a second motion for rehearing, which was an exception to the charge of the court on self defense, was entirely too general to call the trial court's attention to any defects in the main charge on threats, nor was appellant's special charges, requested to correct the deficiencies complained of by him in the court's main charge, specific enough to direct the court's attention to the point urged as error. See Boaz v. State, 89 Tex. Crim. Rep. 524; Parker v. State, 98 Tex. Crim. Rep. 209; and Bell v. State, 99 Tex. Crim. Rep. 61.

Appeal from the District Court of Hale County on change of venue from Floyd County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of manslaughter, penalty four years in the penitentiary.

The opinion states the case.

*M. J. Baird* and *Oxford & Oxford* of Plainview, and *Austin C. Hatchell* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter and the punishment is four years in the penitentiary.

The indictment charged that the appellant killed the deceased in Floyd County, Texas, on or about the 4th day of October, 1922, by striking him with an axe. The record discloses that the difficulty occurred in Floyd County and that the lick was struck in said county but that the deceased died in Lubbock County two days after he was struck and that the lick struck by the appellant was the cause of the death of the deceased. Under this state of facts, appellant very earnestly contends in a very able brief that as it is essential in a prosecution for homicide to allege the place of the death that this allegation must be proved as laid and that in view of the fact that the indictment charged that the death occurred in Floyd County, proof that the injured party actually died in Lubbock County is not sufficient and does not correspond with the allegations contained in the indictment. Appellant's counsel has evidently devoted a great deal of time and thought to the preparation of his brief on this question and it evidences great research and ability on his part. We are convinced, however, that counsel has overlooked the application of Art. 210, 1925 Revision of the C. C. P. in connection with Art. 195 of said code. Chapter 2, beginning at page 30 of the 1925 Revision of the C. C. P. embraces Art. 195 and Art. 210.

Art. 195, supra, provides "If a person receive an injury in one county and dies in another by reason of such injury, the defendant may be prosecuted in the county where the injury was received or where the death occurred."

Art. 210 of chapter 2, supra, provides "In all cases mentioned in this chapter the indictment or information or any proceeding in the case may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue it shall only be necessary to prove that by reason of the facts in the case the county where such prosecution

is carried on has jurisdiction." We think the clear language of Art. 210, quoted above, is conclusive to the effect that the trial court was not in error in refusing to hold that there was a variance between the allegation in the indictment and the proof offered on the trial.

By bill of exceptions No. 7, complaint is made at the court's action in refusing to retire the jury and permit the appellant to introduce proof showing that the voluntary statement made by the appellant at the examining trial was inadmissible. This bill of exception is approved with the qualification that the "evidence showed a legal examining trial with statutory requisites complied with before the statement was introduced." Under this qualification of the trial court, we think this bill of exception does not show error.

Appellant complains at the argument of the special prosecutor in the case. The bill shows that counsel made the following remarks in his argument to the jury: "I don't usually like to jump on witnesses but as long as they get upon the stand and commit perjury, like Allen McReynolds has done, I am not going to throw any bouquets at them." The bill shows that the defendant objected to these remarks and requested the court to instruct the jury not to consider them, to which request and objection the state's attorney replied: "Yes, sir, I accused him of perjury, I sure did, and it's not reversible error." The bill shows that appellant's counsel again objected and requested the court to charge the jury not to consider same, which the court declined to do. We think that the argument set out above was a statement of a conclusion reached by state's counsel and that it was not of such an inflammatory nature as to warrant a reversal of the case. The witness, McReynolds, may have told the truth but we do not believe that his testimony carries with it such convincing and inherent evidence of verity as to make it reversible error for the state's counsel to reach the opposite conclusion and to state such conclusion to the jury. We have carefully considered the other complaints raised by appellant in his bills of exception and believe that none of them present error. So believing, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have examined with interest appellant's motion for rehearing, his argument thereon, and the authorities cited in support of his contention.

Chief reliance seems to be upon Ball et al. v. United States, 140 U. S. 118, 35 L. C. P. 377; and Broakway v. State, 138 N. E. 88, 26 A. L. B., 1338. In the jurisdictions where these cases arose there was a statute corresponding to our Article 195, C. C. P. (1925) (quoted in the original opinion), but it does not appear from those decisions that there was also a statute corresponding to our Article 210, C. C. P. (also quoted in the original opinion.) It may be that our lawmakers inserted Article 210 in the code to prevent the very question discussed in the cases referred to from arising. In addition to articles of our C. C. P. already mentioned others may be noted. Subdivision 5, Art. 396, C. C. P. (1925) requires the indictment to show that the place where the offense was committed is within the jurisdiction of the court in which the indictment is presented. Article 400 C. C. P. (1925) provides that:

"When an offense may be prosecuted in either of two or more counties the indictment may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed."

Effect has been given these various articles many times. Numerous cases may be found collated in the notes under said articles as found in Vernon's Ann. C. C. P. of Texas (1925). Article 190, C. C. P. (1925) is as follows:

"An offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county."

This statute has been given application even where a river was the dividing line between the counties. Hackney v. State, (Tex. Ct. App.) 74 S. W. 553. Where an offense was committed in an unorganized county and indictment returned in the county to which the unorganized county was attached for judicial purposes, (it being alleged in the indictment the crime was committed in the county where the indictment was presented) it has been held that Article 210 (supra) did not apply, because there was no statute providing for "laying the venue of an offense committed in an unorganized county in the county to which it may be attached for judicial purposes." Chivarro v. State, 15 Tex. Ct. App. 330. The implication cannot be escaped from the announcement in said case that if there had been such

a statutory provision it would have been proper to allege that the offense occurred in the county where the prosecution was instituted. The holding in Chivarro's case has no application here.

We have not been able to perceive wherein the various articles of the statute referred to, and especially Article 210, are in contravention of Sec. 10, Art. 1, Constitution of Texas, guaranteeing that an accused "shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." Neither do we agree with appellant's contention that said statutes are contrary to the fifth, sixth and fourteenth (Sec. 1.) articles of the constitution of the United States.

Appellant takes the position that he would be unable to plead a judgment rendered on the present indictment in bar of another prosecution for the same offense in Lubbock County should one be there instituted. This is wholly untenable. One pleading former acquittal or conviction in this state may allege and prove the facts which show the identity of the offense although this may not appear upon the face of the indictment, nor from the recitals in the judgment. The evidence shows that death occurred in Lubbock County and resulted from the injury inflicted in Floyd County. Under the facts a quotation from the opinion in Spencer v. Commonwealth, 184 Ky. 699x, 240 S. W. 750, seems appropriate.

"It would be absurd to say that one indicted for the crime of murder by feloniously shooting another in one county, and the death followed in another, that such indictment did not apprise him of the crime for which he was to be tried, from the fact that it charged him with the acts and consequences necessary to make the complete offense as having all occurred in the county where the crime became complete. Further, there could be no question but that such trial would be a complete bar to another trial for the same crime, since all the elements of the crime were proven upon the trial."

Counsel for appellant have made an exhaustive investigation of the subject and present their views in a forceful manner, but we have been unable to agree to the soundness of their position.

The motion for rehearing is overruled.

*Overruled.*

### ON REQUEST TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—On April 1, 1926, appellant filed a motion for rehearing consisting of twenty-one pages in which the only question raised was the one discussed in the opinion on rehear-

ing.   On April 28, 1926, he filed a supplemental *motion* and *argument* which also related to this single point.   On May 26, 1926, a supplemental *argument* was filed which discussed certain alleged errors in the charge upon self-defense and the refusal of special charges upon the same subject.   This argument is based wholly upon a matter not mentioned or referred to in either the motion or supplemental motion.   It was not attached to either of the motions and was overlooked at the time the opinion on rehearing was considered, but even had our attention been directed to it the propriety of its consideration is doubtful because the matters to which it relates were not mentioned in the motions referred to.   Appellant now asks leave to file a second motion for rehearing presenting the matters omitted from both the original and supplemental motions.   We think it comes too late to merit attention.   However, being solicitous that no injustice be done appellant we have investigated the question presented and believe the exceptions urged to the charge on self-defense entirely too general to call the trial court's attention to the particular point now urged, which is, that appellant was entitled to a charge on "threats" not intermingled with a general charge on self-defense.   Appellant urges that if his exceptions were too general his special requested charges were sufficient to have called the court's attention to the point.   We have  examined them and are not in accord with his contention.   The court already having undertaken to charge upon the subject of self-defense, in which the jury was told that any threats made by deceased could be considered, the special charges (even when taken in connection with the indefinite exceptions to the charge given)—were not specific enough to direct the court's attention to the point now urged as error.   Boaz v. State, 89 Tex. Crim. Rep. 524, 231 S. W. 790; Parker v. State, 98 Tex. Crim. Rep. 209, 261 S. W. 782; Bell v. State, 99 Tex. Crim. Rep. 61, 268 S. W. 168.

Appellant's request to file second motion is denied.

*Request denied.*