CHARLIE STONE v. THE STATE.

No. 12055.   Delivered December 12, 1928.
Rehearing denied March 27, 1929.

The opinion states the case.

*J. H. Beavers*, of Winnsboro, for appellant.

*A. A. Dawson*, of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Indicted for murder the appellant was convicted of aggravated assault and a penalty assessed of one year and one day in jail.

An indictment was returned by the Grand Jury of Wood County charging that appellant "in the County of Wood and State of Texas, did then and there unlawfully with malice aforethought, kill and murder Bura Browning by then and there striking and hitting the said Bura Browning with a baseball bat."

The evidence introduced shows that deceased was struck with a baseball bat in Camp County and died later in Wood County from the injuries thus received. His case came to Camp County by change of venue. Appellant claims that since the indictment alleges an offense committed in Wood County while the proof shows the fatal blow was struck in Camp County, there is a fatal variance.

Art. 195, Chapter 2, C. C. P. (1925), reads as follows:

"If a person receive an injury in one county and dies in another

by reason of such injury, the offender may be prosecuted in the county where the injury was received or where the death occurred."

Art. 210 of the same chapter is as follows:

"In all cases mentioned in this chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts in the case, the county where such prosecution is carried on has jurisdiction."

These two articles sufficiently answer the contention of appellant and constitute specific statutory authority for the indictment and prosecution of the appellant under the above allegation in Wood County. A similar question received a rather exhaustive examination and discussion in the case of Compton v. State, 105 Tex. Crim. Rep. 516, the effect of which was to hold against the present contention of appellant. We do not think it necessary to again review the question and feel unable to add anything to what was said in the Compton case, supra.

Bill of Exception No. 2 presents the question of the Court's ruling in refusing to permit appellant to reproduce the testimony of a non-resident witness given upon a former trial of appellant for the offense of driving a car while under the influence of intoxicating liquor on the night of the trouble in question. We infer from this bill that appellant had been indicted and previously tried for the above offense of driving a car while intoxicated and that at said trial a witness alleged to reside at the time of the trial of the instant case in Oklahoma gave testimony material to one of the issues made in this case and that the Court refused to permit the reproduction of such testimony. The matter is, we think, insufficiently presented by the bill, but supplying what is omitted by proper inferences, it appears that the issues on the two trials were not the same. The rule has been stated as follows: The testimony of a witness at a former trial of the same cause or another cause presenting the same issues between the same parties may be shown in evidence. Bishop's New Criminal Procedure, Vol. 2, Paragraph 1196; Hart v. State, 15 Tex. Crim. App. 225.

The difference between the issues presented under an indictment charging the offense of driving a car while intoxicated and one presenting a charge of murder is too obvious to require discussion.

The charge of the Court taken as a whole and in connection with the special charges given at the request of the appellant presents, we

think, fairly and correctly the issues of law made by the pleadings and evidence.

The evidence being sufficient and no errors appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The deceased, Bura Browning, was struck by the appellant with a baseball bat. At that time the appellant, the deceased and some of the witnesses were at a place called Newsome, situated in Camp County. The party left Winnsboro in Wood County, at about eleven o'clock at night on the 25th day of October, 1925, and the tragedy occurred sometime later that night.

From Bill of Exceptions No. 2 we learn that at some time antecedent to the trial of the appellant for the homicide, he was tried in the District Court of Wood County for the offense of driving an automobile while under the influence of intoxicating liquor, the transaction upon which that prosecution was founded having also taken place on the night of October 25, 1925. Upon the trial of the case last mentioned in Wood County, the witness Corbett, who was at that time a resident of the State of Oklahoma, had testified that on the night of October 25, 1925, the appellant came just before dark to the Red Front Filling Station in Winnsboro, Wood County, and there remained for an hour or more, during which time the witness Corbett had an opportunity to observe the appellant, who was not under the influence of intoxicating liquor. On the trial for the homicide at present under consideration the appellant sought to reproduce the testimony of Corbett given at the trial in Wood County. In the bill it is stated that Corbett was still a resident of the State of Oklahoma; that the appellant had expected to obtain his attendance at the present trial but failed to do so, but that he remembered the testimony given by Corbett on the previous trial and desired to state it to the jury.

In his motion for rehearing the appellant challenges the correctness of the ruling of this court on the original hearing to the effect that in declining to permit the reproduction of Corbett's testimony the learned trial judge committed no error. It occurs to the writer

that the facts revealed by the bill of exceptions touching the residence of Corbett at the time of the previous trial and the present trial suggest that as a predicate for reproducing the testimony of Corbett, the appellant should have given some satisfactory explanation of the failure to take depositions, which he was privileged to do by the terms of Art. 749, C. C. P., 1925. That the witness is not available seems to be an element of the predicate for the reproduction of testimony. In Wigmore on Evidence, 2nd Ed., Vol. 3, Sec. 1402, the following language is found:

"The principle upon which depositions and former testimony should be resorted to is the simple principle of necessity,—i. e. the absence of any other means of utilizing the witness' knowledge."

Aside from the question just mentioned, an essential element of the predicate for the reproduction of testimony is the actual or substantial identity of the issue. On the subject we quote from Wigmore on Evidence, supra, Sec. 1387:

"The *issue* on the occasion when the former testimony or deposition was given must have been substantially the same, for otherwise it cannot be supposed that the former statement was sufficiently tested by cross-examination upon the point now in issue. Conversely, it is sufficient if the issue was the same, or substantially so for the purpose."

In the present instance, an analysis or discussion of the court decisions is deemed unnecessary as the facts set forth in the bill complaining of the ruling of the court make manifest that the proffered testimony was but collateral to and remote from the issue on the present trial.

The motion is overruled.

*Overruled.*