## TOMMIE HARRIS V. THE STATE.

No. 21478. Delivered March 5, 1941.
Rehearing Denied April 2, 1941.

The opinion states the case.

*Virgil R. Parker,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal of Tommis Harris is from the death penalty assessed by a jury in Tarrant County for the murder of Mrs. Edna Earl Allen, a white woman, by striking her with a ham-

mer and with a metal weight and by striking and stabbing her with an ice pick.

The victim's husband worked in a grocery store in Grandview, Johnson County, and the tragedy was committed in their home about a mile from the town at something like 4 o'clock in the afternoon of August 8, 1940. There is evidence of ravishing her body in addition to the murder, and the State's theory is that the murder was committed to prevent being identified by his victim. Soon thereafter her condition was discovered by her mother and sister who had come to visit her and she was taken to a hospital in Fort Worth, Tarrant County, where she died late in the evening of August 10, 1940.

The appellant was arrested on the same afternoon on a highway near Grandview and was taken to Fort Worth by the sheriff of Johnson County to be placed in jail.

It is not necessary to repeat the horrible evidence detailing the condition of the victim, her wounds, the circumstances indicating the attack upon and the ravishing of her body, nor the evidence connecting him therewith. There is no denial of the testimony, no objection to its introduction, and it is sufficient upon which the jury may find the appellant guilty and amply warrants the extreme penalty which they assessed.

Upon the death of Mrs. Allen in a hospital in Fort Worth a complaint was filed in the justice court of precinct No. 5, Johnson County, charging appellant with murder. He was arrested and held in jail on this charge. Thereafter the grand jury of Tarrant County returned an indictment charging the murder. The complaint was pending in the justice court of Johnson County, but was dismissed and no indictment had been returned by the grand jury of that county.

It is presented that the filing of the complaint in the justice court of Johnson County fixed the jurisdiction for the prosecution of this case in Johnson County. It is provided by Art. 64 of the Code of Crim. Proc., 1925, that whenever two or more courts have concurrent jurisdiction of any criminal offense, the court in which an indictment or complaint shall first be filed retains jurisdiction of such offense to the exclusion of all other courts. The complaint was filed in the justice court of Johnson County, which had no jurisdiction to try the case. The indictment was first returned in the district court of Tarrant County to a court which did have jurisdiction and it thereby assumed and held exclusive jurisdiction of the case. (See also Art.

195, C. Cr. P. 1925. Navarro v. State, 43 S. W. 105; Watson v. State, 205 S. W. 662.)

It is further complained that the indictment does not allege that the acts inflicting the fatal wound were committed in Johnson County, and that subsequently the decease was in Tarrant County. The indictment simply alleges the offense committed in Tarrant County. This allegation is specifically authorized by Art. 210 C. Cr. P. See also Stone v. State, 15 S. W. (2d) 18.

There being no error shown by the record, this court has no jurisdiction of any question presented by the appeal. The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The evidence is amply sufficient to support the judgment of conviction. In addition to many circumstances which tended to show that appellant killed the deceased, there is in the record a confession by the appellant in which he stated that he killed the deceased after having raped her.

The original opinion dealt with the questions presented in the appeal. We are unable to perceive any error in the record. The evidence being sufficient to support the judgment of conviction and no error being presented in the bills of exception, we are constrained to overrule the motion for rehearing.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.