ARTHUR W. RUTLEDGE v. THE STATE.

No. 23453. Delivered October 30, 1946.
Rehearing Denied January 8, 1947.

**82**

*Everett Lord,* of Beaumont, attorney for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of bigamy, and awarded a penalty of two years in the penitentiary, and he appeals.

The proof herein presented shows that appellant married one, Charlene or Charlie Mae _____ in September, 1941; that she was divorced from him thereafter, and again she was remarried to him in January, 1944, and lived with him until sometime in April, 1944, at which time she separated from him. She was still his wife during the month of May, 1944. On May 27, 1944, appellant married Juliana Jagneaux in Hardin County, Texas, and thereafter lived with her in Jefferson County, Texas. On June 2, 1944, appellant had filed for him in the District Court of Jefferson County a petition for divorce against Charlene Rutledge, wherein it was alleged that she was his wife, and upon a hearing of said cause, he was granted a divorce from Charlene on August 15, 1944, some 68 days after his marriage to Juliana. This bigamy trial was had on April 24, 1946, in Jefferson County, where appellant lived with Juliana.

From this testimony, it will be seen that according to the record, appellant was lawfully married to Charlene Rutledge at the time he married Juliana Jagneaux. He made no objection to the testimony of Charlene (Rutledge) Wadlington, she herself having again married one Wadlington in September after the divorce was granted in August, 1944, but did not in his motion for an instructed verdict call the court's attention to the fact that the matter of a previous existing marriage was proven at the trial by his former wife; and he now presents such proposition to us. It is shown by the record that, outside of her testimony, there is appellant's own evidence that he had married Charlene the second time before a lady Justice of the Peace in Hardin County, and such marriage in Hardin County is also alleged in his petition for a divorce filed after the marriage to Juliana.

It is contended that Art. 206, C. C. P., absolutely prohibits such testimony being given by the wife against the husband, and that such prohibition continues even after the divorce as to matters transpiring while the marriage relation exists. This is the substance of Bill of Exceptions No. 3. The trial court, in

qualifying such bill, states that there was no objection offered to the testimony of the former wife, Charlene, and same did not appear until the filing of the motion for a new trial. If an objection to such testimony could be waived, such seems to have been done. We think also that when appellant took the witness stand and gave practically the same testimony as was given by his former wife relative to their two marriages, any question as to the admissibility of her testimony went out of the case, even though her testimony might have been inadmissible when offered, which testimony, however, we think was primarily admissible. See Curd v. State, 217 S. W. 1043, 86 Tex. Cr. R. 552; also Branch's Ann. Tex. P. C., p. 86, sec. 151.

Again, appellant complains in a bill of exceptions that the allegation and proof do not correspond in that the indictment alleged that he married the bigamous wife in Jefferson County, whereas the proof shows that such marriage took place in Hardin County. It will be noted that the trial court charged the jury that in order to convict this appellant, it was necessary that they believe beyond a reasonable doubt that he, on May 27, 1944, married Juliana Jagneaux in Hardin County, Texas, and did live and cohabit with her thereafter in Jefferson County, Texas, and that at the time he did so marry her, he was lawfully married to Charlene Rutledge, and that she was living and no divorce had been granted between him and Charlene. Evidently the trial court had in mind Art. 206, C. C. P., which says that "bigamy may be prosecuted in the county where the bigamous marriage occurred or in any county in this State in which the parties to such bigamous marriage may live or cohabit together as man and wife." See Reed v. State, 187 S. W. (2d) 663.

Again, Article 210, C.C.P., states in part:

"In all cases mentioned in this chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on."

We see no error shown in the proceedings herein, and the judgment is therefore affirmed.

#### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant presses upon us his contention that the State, having alleged in the indictment that

84

the bigamous marriage occurred in Jefferson County, was required to so prove and that, failing so to do, a variance exists between the allegation and the proof. The proof shows that the bigamous marriage occurred in Hardin County and that the parties thereafter lived together as husband and wife in Jefferson County. The question, then, is whether such facts are sufficient to meet the allegations of the indictment.

Article 210, C. C. P., set out in our original opinion, is a part of Chapter Two, Code of Criminal Procedure. The offense of bigamy is one of the offenses specially mentioned in that chapter (Art. 206, C. C. P.). So then, applying Article 210, C. C. P. specifically to the offense of bigamy, it appears that in such cases "the indictment or information * * may allege that the offense was committed in the county where the prosecution is carried on."

It appears, therefore, that direct statutory authority exists authorizing the State to allege that the bigamous marriage occurred in Jefferson County and to sustain that allegation by proof showing that the parties to that marriage lived together as husband and wife in that county. Harris v. State, 141 Tex. Cr. R. 447, 149 S. W. (2d) 99, is analogous.

Appellant, having testified as to the first or lawful marriage, is in no position to claim that the State proved the same fact by another witness.

We remain convinced that the case was correctly disposed of originally, and appellant's motion for rehearing is therefore overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.