ALLEN LEE MOORE V. STATE.

No. 24813. June 14, 1950.
Rehearing Denied October 11, 1950.

*Brown & Russell,* by *Taylor Russell,* Mt. Pleasant, and *Woodrow Edwards,* Mt. Vernon, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted in the district court of Titus County, Texas, for the offense of murder under the provisions of Art. 802c, Vernon's Ann. P. C. The jury assessed his punishment at two years' confinement in the penitentiary, and declined to recommend suspension of sentence.

The accident occurred on U. S. Highway 67 in Franklin County and prosecution was had in Titus County where the injured party, Johnnie Kathryn Sellers, died.

The count of the indictment upon which the case was submitted to the jury reads as follows:

"And the Grand Jurors aforesaid: Upon their oaths aforesaid do further present in and to said court that heretofore on or about the 3rd day of September, 1949, and anterior to the presentment of this indictment, in the County of Titus and State of Texas, Allen Lee Moore, did then and there unlawfully drive and operate a motor vehicle, to-wit, an automobile upon a public highway in Franklin County, Texas, to-wit, United States Highway Number 67, while then and there intoxicated and under the influence of intoxicating liquor, and while so driving and operating said automobile, did through accident and mistake kill and murder Johnnie Kathryn Sellers by driving said automobile into and against the automobile occupied by the said Johnnie Kathryn Sellers, thereby and therewith causing her death, the said Johnnie Kathryn Sellers dying in Titus County, Texas."

Appellant, by motion to quash and by exceptions to the court's charge, complained that the allegations of the indictment are contradictory, confusing and uncertain. He insists that the indictment alleges that appellant in the county of Titus and State of Texas operated an automobile upon a public highway in Franklin County—thus creating an impossible situ-

ation. The trial court properly overruled the motion to quash and the exceptions to the charge.

It seems clear from the indictment as a whole that in Titus County, appellant was being charged with murder because of injuries accidentally inflicted by him upon Johnnie Kathryn Sellers in Franklin County while driving on the named highway in an intoxicated condition, and venue was shown by the allegation that death occurred in Titus County. See Art. 195, Vernon's Ann. C. C. P.

Appellant next complains of the overruling of his motion for new trial because of "certain new witnesses" who he says would testify that appellant was not intoxicated and who would corroborate appellant's testimony as to cattle being in the road at the time of the accident.

It is shown that other witnesses, who gave similar testimony in behalf of appellant, were impeached by proof of prior contradictory statements. Appellant, for such reason, contended that he should be granted a new trial in order that he might have the benefit of the testimony of the witnesses Mrs. Joyce Larkin Cook, Paul Bryant, Wallace Hunnicutt and Mrs. Fay Hunnicutt.

Mrs. Cook was subpoenaed as a witness and was available, but was excused by appellant's counsel after she had informed them that she thought she detected the odor of whisky on appellant's breath. She testified on the hearing of the motion for new trial, and expressed the opinion that appellant on the night of the accident, when brought to the hospital, was not intoxicated.

A subpoena was issued for Paul Bryant, who was temporarily out of the state at the time of the trial. Appellant knew of his absence and made no request for postponement or continuance because thereof.

Wallace Hunnicutt testified on the hearing that he was related to appellant by marriage; that he went immediately to the hospital on learning of the accident, and spent much time with him on that night and on the following day. He also testified that he went on a trip with appellant one night and talked with him; that he had been at home continuously since the accident.

Mrs. Fay Hunnicutt testified that she was at the hospital on said night; that she was the aunt of appellant, and had attended the trial and sat in the courtroom in company with her sister, Mrs. Moore, mother of appellant. That after the trial she "was asked if I could come and help."

It is clear that the above testimony does not come within the rule regarding newly discovered evidence as a basis for new trial. It is the duty of an accused and his counsel to prepare for trial and in the event of the absence of a material witness to request a postponement in order to secure testimony considered to be necessary.

Having elected to proceed in the absence of the witness Bryant and the other witnesses being present and available, appellant was not entitled to have an unfavorable verdict set aside and a new trial ordered.

The trial court properly declined to permit examination of the jurors as to alleged misconduct in the jury room. The affidavit of appellant to the claimed acts was necessarily hearsay and insufficient to require such examination. See Henderson v. State, 154 Tex. Cr. R. 376, 227 S.W. 2d 821; Fielden v. State, 152 Tex. Cr. R. 597, 216 S.W. 2d 198; Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174.

We are not in position to say that the evidence is not sufficient to sustain the jury's verdict, and we find no error requiring reversal.

The judgment is therefore affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of an alleged contradiction in the indictment herein wherein it is alleged that he committed the offense in Titus County by striking the deceased young lady in Franklin County, she dying therefrom in Titus County.

The indictment could have alleged that such offense was committed in either county, provided the victim died in Titus

County. See Arts. 195 and 210, C.C.P., also Harris v. State, 141 Tex. Cr. R. 447, 149 S.W. (2d) 99; Stone v. State, 111 Tex. Cr. R. 547, 15 S.W. (2d) 18; Compton v. State, 105 Tex. Cr. R. 516, 289 S.W. 54; McCaine v. State, 152 Tex. Cr. R. 108; 211 S.W. (2d) 190.

We see no incongruity in the allegations; the offense was committed originally in one county and finally consummated in the death in Titus County where the venue was properly laid.

The motion is overruled.