### Luther Hughes v. The State.

No. 10766.   Delivered March 16, 1927.

Rehearing denied April 27, 1927.

1.—**Transporting Intoxicating Liquor—Sentence of Court—After Recognizance—Held Sufficient.**

Where appellant entered into a recognizance before he was sentenced by the court, this would not affect his notice of appeal, and the jurisdiction of the Court of Criminal Appeals, there having been a valid entry of the final judgment and sentence and notice of appeal given. See collation of authorities in Branch's Ann. P. C. 338; also Vernon's Tex. C. C. P., 1925, Vol. 3, p. 150. Ridge v. State, 96 Tex. Crim. Rep. 496, and other cases cited.

#### ON REHEARING.

2.—**Same—New Trial—Misconduct of Jury—Practice in Trial Court.**

Where appellant sought a new trial on the ground that the jury in retirement discussed his failure to testify, and presents no evidence in support of his plea, except his own notification by affidavit, and in the order overruling the motion there is no recital that evidence was heard, no error is presented.

3.—**Same—New Trial—Affidavit Insufficient—Properly Refused.**

Appellant's affidavit verifying his motion for a new trial sets up no detailed fact within his knowledge. It simply states his conclusion that certain things transpired in the jury room, while the jury was in retirement, deliberating upon his case. It is plain that there are matters about which he could not have testified, if an oral inquiry had been made, touching the merits of his motion. The averments are but hearsay. See opinion on rehearing for citation of authorities.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful transportation of intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

Appellant suggests that this court is without jurisdiction to determine the merits of the case. This view is based upon the fact that the appellant entered into a recognizance before the sentence was entered. He reasons that the effect of the recognizance was to defeat the jurisdiction of the trial court and thereby prevent the entering of the sentence, and that in the absence of a sentence this court is precluded by law from doing other than dismissing the appeal. The order overruling the motion for new trial bears the date of September 11, 1926, and the sentence bears the date of September 13, 1926. We understand that an appeal may be taken in a case less than capital only on the entry of the final judgment, which, according to the uniform construction of the statute, is the sentence. See collation of authorities in Branch's Ann. Tex. P. C., p. 338; also Vernon's Tex. C. C. P., 1925, Vol. 3, p. 150, note 3; Ridge v. State, 96 Tex. Crim. Rep. 496; Carlile v. State, 97 Tex. Crim. Rep. 477; Williams v. State, 99 Tex. Crim. Rep. 356. If, in fact, there was no sentence found in the record, the court would have no jurisdiction other than to dismiss the appeal. See Stanford v. State, 99 Tex. Crim. Rep. 394. However, such is not the condition in the present record. There is a sentence duly entered after the verdict and judgment, which sentence contains all the legal requisites. Notice of appeal from the sentence appears properly entered. The sentence, however, contains the recital that the entry of the sentence was opposed because the accused had previously entered into a recognizance. The time for the sentence is after the motion for a new trial is overruled. See Art. 768, C. C. P., 1925.

The position taken by the appellant that the sentence is void because entered after the recognizance is untenable. It is not the recognizance, but the final judgment and notice of appeal, which give jurisdiction to the appellate court. The reasons for opposing a sentence are set out in Art. 773, C. C. P., 1925. These are the showing that the accused has received a pardon; that he is insane; that there has been no motion for new trial or a motion in arrest of judgment and that he desires to make one and has good grounds therefor; that he claims he is not the person convicted.

The state's evidence is direct and positive to the effect that the appellant unlawfully transported whiskey. The appellant's evidence presented an issue of fact. The verdict of the jury settled the conflict in favor of the State. We have been favored with no brief. An examination of the charge of the court fails to reveal any error requiring a reversal. There are no bills of exceptions complaining of the introduction of the evidence or other rulings of the court.

The judgment is affirmed.                              *Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In paragraph 6 of his motion for new trial there is contained an averment that during their deliberation the jurors discussed the appellant's failure to testify, and members of the jury stated that the appellant was of bad character. The motion for new trial is verified by the affidavit of the appellant but not otherwise supported. In the order overruling the motion for new trial, there is no recital that evidence was heard. Appellant insists that in that state of the record, on appeal, it is the duty of the appellate court to reverse the judgment. It is stated in Art. 757, C. C. P., 1925, that:

"The state may take issue with the defendant upon the truth of any cause set forth in the motion for a new trial; and, in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue."

It has been held that to take issue under this statute a written pleading is not required. See Cade v. State, 96 Tex. Crim. Rep. 523.

The grounds upon which a motion for new trial may be granted are embraced in Arts. 752-757, C. C. P., 1925. It is declared that the grounds shall be distinctly set forth in writing, and where one of the grounds is newly discovered evidence, the practice in civil cases, which requires the verification of the motion, must be followed. See Shaw v. State, 27 Tex. Rep. 755; Glasscock v. Commissioner, 3 Tex. Rep. 51; Koontz v. State, 41 Tex. Rep. 570; White v. State, 10 Tex. Crim. Rep. 172; Gray v. State, 144 S. W. 284. There is no specific statute requiring that in all instances averments of facts dehors the record, when set up in the motion for new trial, must be verified. As to the necessity for such a procedure there seems to be a conflict of authority. See Hicks v. State, 75 Tex. Crim. Rep. 461 (both majority and minority opinions). It has also been

said that a motion for new trial verified by the affidavit of the accused is but a pleading. See Lopez v. State, 84 Tex. Crim. Rep. 422; Noble v. State, 98 Tex. Crim. Rep. 463; Rumfield v. State, 98 Tex. Crim. Rep. 158. Upon this subject, however, the decisions are not harmonious. See Harris v. State, 17 Tex. Crim. App. 559; Stanley v. State, 16 Tex. Crim. App. 392.

It has been said that where the record on appeal is void of evidence, that testimony other than that attached to the motion for new trial was heard, the presumption will be indulged that the court considered the affidavits which were made a part of the motion. See Cade v. State, 96 Tex. Crim. Rep. 523; Collins v. State, 95 Tex. Crim. Rep. 405; Washington v. State, 86 Tex. Crim. Rep. 652; Brown v. State, 274 S. W. 588; Redford v. State, 98 Tex. Crim. Rep. 42.

It is believed that the rule is none of the precedents mentioned control in the present instance for the reason that the appellant's affidavit verifying the motion for new trial sets up no detailed fact within his knowledge. It simply states his conclusion that certain things transpired in the jury room while the jury was in retirement deliberating upon his case. It is plain that these are matters about which he could not have testified if an oral inquiry had been made touching the merits of his motion. On the face of the motion, the averments are but hearsay. We are of the opinion, therefore, that in affirming the judgment upon the record before us, no violence was done to the rules of practice.

The motion for rehearing is overruled.          *Overruled.*