## SAM GREEN v. THE STATE.

No. 13477.  Delivered October 29, 1930.
Rehearing denied January 21, 1931.
Reported in 34 S. W. (2d) 280.

The opinion states the case.

*Ross Huffmaster, Ben Brooks* and *G. O. Crisp,* all of Kaufman and *G. L. Perkinson* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for one year.

The State's evidence conclusively shows that the appellant possessed a quantity of beer which, when analyzed, was shown to contain something over four per cent of alcohol by volume. No testimony was introduced by the appellant.

No complaint of the court's ruling is brought up for review save that which complains of the refusal to grant a new trial. The position taken by the appellant is that subdivision 5 of Article 753, C. C. P., was transgressed in that after the case was submitted to them, the members of the jury learned the age of the appellant.

Several members of the jury testified at the hearing. It appears that the jury, soon after it retired, concluded that the appellant was guilty and agreed on his conviction. In the discussion of the length of his sentence, an inquiry arose as to whether or not a suspended sentence was available. It was thought by some of the jurors that if the sentence could be suspended, a long term should be given him; but if it could not be suspended, then his sentence should be short. The jury understood that the sentence could not be suspended if the appellant was more than twenty-five years of age. The suspended sentence was not mentioned in the court's charge. By inquiry of the court the jurors were informed that the matter was not before them. From the evidence it appears that the jury, during its discussion, learned that the appellant was twenty-four years of age. Counsel stated in argument that the information came from the deputy sheriff in charge of the jury. It is clearly implied from the court's judgment in overruling the motion for new trial and from the evidence before it that the matter of which complaint is made could not and did not harm the accused. The contention that from the fact that the appellant made no application for a suspended sentence the jury inferred that he had been in some previous trouble is not impressive, as the proof of guilt was conclusive, the lowest penalty was assessed, and the jury had agreed upon a conviction before learning of the age of the accused.

The declarations of the jurors that they were influenced by the occurrence taking place in the jury-room are not regarded as of any weight on appeal. See McCoy v. State, 21 S. W. (2d) 516.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully considered all the matters raised by the motion for rehearing. The facts heard by the court in connection with appellant's effort to get a new trial, leave no doubt of the proposition that almost at once upon their retirement the jury voted him guilty. Some discussion arose as to the penalty. It seems to have been suggested by some of the jurors that if appellant wanted to have his sentence suspended, they would be for a larger penalty. There was no application on file for a suspended sentence. Some one raised the question as to appellant's

age, and it appears that it was ascertained that appellant was twenty-four years of age. He was given the lowest penalty.

It appears from the testimony of one of said jurors given on the hearing of the motion for new trial that, based on an expression used by the sheriff in giving his testimony on the trial, they thought appellant had been in trouble before. Some mention was made of this in the jury room. Expressions in an affidavit made by one of the jurors to the effect that but for this or but for that he would not have agreed to a verdict of guilty, would in no event suffice to impeach the verdict of a jury. Before this court can sanction the setting aside of a verdict of a jury, testimony in the shape of affidavits or otherwise must appear in the record, and this court would have to be convinced that such testimony not introduced, but discussed by the jury was of that kind and character which could reasonably have influenced a verdict against the accused. As stated in the original opinion, no testimony was introduced by the appellant. When the jury retired eleven voted at once for. conviction, and according to the testimony heard later, the twelfth juror immediately said that he was the one who did not vote for a verdict of guilty, but that he was ready to do so, and immediately did so. No other conclusion could have been reached by the jury save that of appellant's guilt.

The motion for rehearing will be overruled.

*Overruled.*