## Morris Weems v. The State.

No. 18441.   Delivered June 10, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*Terrell C. Chadick,* of Winnsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, life imprisonment in the penitentiary.

Doyle Copeland was killed by the use of a knife whose blade severed two ribs and penetrated the heart, causing almost instant death, according. to the testimony of an examining physician. This doctor also testified that a knife which could make such a wound was a deadly weapon. A number of witnesses swore positively that they saw appellant make the assault, and use the knife. Appellant himself testified that he did not kill Copeland or cut him with a knife. He explained that Marvin Copeland, a brother of deceased, hit him with a pair of brass knucks on the occasion referred to, and that he knew nothing of what occurred after that. Without lengthy discussion of the testimony, we are of opinion same was amply sufficient to justify the verdict.

Appellant reserved eighteen bills of exception, but did not brief all of them. All have been examined and considered by us. Upon citation of Art. 1248, P. C., appellant complained of the court's charge. Art. 1248, P. C., was expressly repealed by an act of the 40th Legislature. See Acts Regular Session, 40th Legislature, p. 412. However, the trial court did submit the law of murder without malice, and also fully instructed the jury upon self-defense based upon threats.

The court below told the jury that if they believed beyond a reasonable doubt that appellant with malice aforethought voluntarily killed Doyle Copeland by cutting him with a knife, they should find him guilty of murder with malice aforethought,—unless they acquitted him under other circumstances stated in the charge. We can not agree with appellant's contention that this is on the weight of testimony. In other parts of the charge the law of self-defense was fully and appropriately set forth. This court has often said that it is our duty to look at the charge as a whole in determining the correctness of complaints at any particular part thereof. We find nothing in paragraph ten of the charge assuming that appellant intended to kill deceased, or assuming that the knife used by appellant was a deadly weapon,—though such assumption as is last referred to would hardly have been unwarranted under the testimony.

Appellant's complaint aimed at the lack of a definition of

adequate cause passes out with the statement that Art. 1246, P. C., referring to adequate cause, was also repealed by the same statute above referred to. We have carefully examined the charge given on the issue of self-defense both against danger real and only apparent, and when raised by proof of threats, and are of opinion that said charge presents the law of said issues.

Appellant sought to show in his motion for new trial misconduct of the jury in that at a time when it is claimed the jury was divided on the question of penalty, their views ranging from a term of fifteen to forty-five years, that juror Goldsmith asked in the jury room whether one convicted and given a life sentence could get a pardon. Appellant reasons it out that because thereafter the jury agreed on a penalty of life imprisonment,—in some hurtful way the question referred to must have affected the jury's action, and was misconduct. All the jurors were brought before the court upon the hearing of the motion for new trial and testified, and Mr. Goldsmith and each of the others denied that he made such remark as above referred to or asked any such question. Some of the jurors said they heard some one ask if one who had a life sentence could be pardoned, but they did not affirm that the question was answered, and no one states that he was influenced thereby, nor is there proof that there was any discussion based on such proposition in the jury room. Each juror affirmed that his verdict was upon consideration of the law and the evidence alone. As far as we can see, if such question was asked in the jury room in the general discussion of the issues involved, including the penalty, it would require proof of the fact that some harmful use was made of the matter before any insistence could seriously be made that it was erroneous. Many jurors testified they did not hear the matter mentioned, and one of them affirmed that while he thought it was mentioned, it was after the verdict was agreed upon. We are not able to agree with appellant's contention in this regard.

Appellant briefs this case throughout upon assignment of errors. We have often called attention to the fact that errors in criminal cases are brought forward by bills of exception, and that attempted reference to and use of assignment of errors but confuses us in our effort to follow the attorney for the accused and connect up his references.

We have considered this case carefully, and are of opinion that no error appears, and the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that his objection to paragraph ten of the court's charge was sufficient to call the trial court's attention to a complaint that he had omitted to charge that appellant must have intended to kill before he could be guilty of murder, and had assumed that the instrument used was a deadly weapon. We have been unable to draw a distinction between the instant case and that of Bradshaw v. State, 81 S. W. (2d) 83, where a very similar charge was given and a similar objection held too general. Art. 658, C. C. P., requires exceptions to the charge to distinctly specify each ground of objection. When the objections here found were presented a careful trial judge would have re-examined his charge to ascertain if the wording therein conveyed the idea that he had assumed the things complained of. We think in view of such objections the trial court could not reasonably be said to have had his attention called to the things now complained of.

The other questions suggested in the motion for rehearing appear to have been correctly decided, and do not call for further discussion.

The motion for rehearing is overruled.

*Overruled.*