O. D. PAFFORD v. THE STATE.

No. 20,786. Delivered January 24, 1940.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the state penitentiary for a term of one year.

The record shows that about dark on the night of June 17, 1939, a Texas Ranger, Mr. Gault, on his way from Lubbock to Austin met an automobile near Zepher in Brown County. The driver of this car drove over to the left hand side of the highway and caused the ranger to drive his car down in a pit beside the road. Gault turned around, followed the driver, overtook him, arrested and carried him to jail in Brownwood. Both Mr. Gault and the officers at the jail in Brownwood testified that appellant was very drunk. At his trial, appellant entered a plea of guilty and asked for a suspension of sentence. The jury found him guilty, assessed his punishment as above stated, and declined to recommend that his sentence be suspended.

Appellant has but one bill of exception in the record in which he complains of the court's action in overruling his motion for a new trial based on misconduct of the jury. He charged in his amended motion for a new trial that during their deliberations, Grady Calvin (one of the jurors) said: "I have known the defendant for several—three or four years, and he works over at Lewis Templins' filling station and I don't know for certain whether or not he has been bootlegging or transporting whisky." Whereupon another member of the jury, H. C. Buhler, remarked: "Well, I know this fellow now, and have known him ever since I put in my filling station in the "Y" in the North part of Brownwood in the vicinity of where the defendant worked and that place where he worked over there all time he was in Brownwood, is a regular bootleggers hangout and run by a bunch of bootleggers."

Upon a hearing of the motion, the jurors testified among other things that appellant had offered a number of witnesses who testified that his reputation as a law-abiding citizen in the community in which he lived was good. That on cross-examination, these witnesses were asked if they had not heard that appellant had been transporting whisky in and about Brownwood. One of these witnesses replied that he had heard as much. All of the other witnesses denied having heard of it.

Mr. Buhler, the foreman of the jury, denied that he made the statements attributed to him by the juror, Calvin, but admitted that such statement or one of like import was made by some member of the jury. That some member of the jury

stated in the jury room during their discussion of the case as follows: "Well, if he worked over there in a bootlegging joint, they were probably all of the same stripe, and if he knew what kind of a place it was, and he was not a bootlegger he ought to have quit."

It is apparent from the record as a whole that some member or members of the jury, while they were considering their verdict, related facts to their fellow jurors that were not in evidence before them. This was improper. Sec. 7 of Art. 753 C. C. P. provides that where the jury, after having retired to deliberate upon a case, have received other testimony, a new trial shall be granted. This court has consistently held that where this is true, the court will not ordinarily speculate upon the question of injury. See Autrey v. State, 113 Tex. Crim. Rep., 567, 24 S. W. (2d), 432; Davis v. State, 114 Tex. Crim. Rep., 620, 26 S. W. (2d), 649; Stone v. State, 31 S. W. (2d), 822; Durbin v. State, 36 S. W. (2d), 730. If the court, over appellant's objections, had permitted the State to prove as original evidence the facts related by some of the jurors, this court would not hesitate to reverse this case on the grounds of having allowed the State to introduce improper evidence. This being true, to hold otherwise in this case would be placing a greater burden upon the appellant where illegal evidence is received by the jury after their retirement than would be imposed upon him if the evidence was introduced in his presence on the trial. Testimony received by the jury, under the circumstances as disclosed by this record, is contrary to the Constitutional provisions according to the defendant the right to be confronted by the witnesses against him. See Snow v. State, 91 Tex. Crim. Rep., 8 and authorities cited. It is true that the evidence relative to appellant's guilt was not controverted and was sufficient to justify his conviction. However, we are not prepared to say that the information imparted by some of the jurors to their fellow members did not prejudice appellant's case, inasmuch as the jury assessed his punishment in excess of the minimum prescribed by law. See Cryer v. State, 128 S. W. (2d), 808.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.