PORTER HENDERSON V. STATE.

No. 24627. March 15, 1950.

*John D. Coffman,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a death penalty.

There is no material conflict between the state's evidence in the case and the testimony given by appellant in his own behalf. The indictment alleged a former conviction for murder in which appellant had received a 99 years sentence. It is charged in the case now before us that he murdered Rosie Lee Henderson, his wife. The evidence amply sustains the finding of the jury and the penalty assessed by them.

Testifying in his own behalf, the defendant said that he was 40 years old; that he had been living in Houston since he was released from the penitentiary in 1943; that he had served over 16 years; that prior to that he had lived at Center, in Shelby County. He admitted his former conviction and the sentence imposed. He had lived with Rosie Lee prior to their marriage and after their marriage she became dissatisfied with him and told him that she was going to go back to that other man. Appellant knew him only as "Jim." He then said, "What caused me to kill her was that she told me she was going back to this other man and I said if I saw them together they had better be ready. * * * She told me that she was going with Jim and was not going to quit going with him." He then detailed leaving home on a morning, after kissing her good-by as usual, and when he returned in the evening he found a note giving the information that she was not going to live with him any more. He went to see her to talk it over but their negotiations were not successful. He said, further, that she told him, "If you

see us together there is nothing you can do about it." He added, "That is what led to the killing, and also because she said she was not going to quit him."

We find no defense whatsoever to the charge lodged against him. It is detailed by witnesses and by appellant that at the close of work on Saturday afternoon she boarded a bus for another part of town. A block farther down he entered the bus, pushed his way down through the crowded bus to where she was, and began shooting her. She was taken to the hospital with two bullet wounds and had also been slashed with a knife. Appellant was arrested a few block away and both the pistol and knife used in the killing were introduced in evidence.

During the deliberations of the jury they sent a note to the judge asking if it was possible for them to return a verdict whereby the defendant could not receive a parole or pardon. The court replied that they could consider only the matters before them.

There are no bills of exception in the record and the sole question presented for review is that raised by appellant's motion for a new trial. An effort is made in this motion to secure a new trial on the ground of misconduct of the jury. It is signed and sworn to by appellant but there is no affidavit of a juror, as required by Sec. 8 of Article 753, C. C. P. He then applied to the clerk for a subpoena to bring into court all of the jurors who served in the trial of his case. The clerk refused to issue this subpoena. Application was then made to the district judge who likewise refused to do so.

It is not necessary to discuss the right of the clerk to refuse to issue subpoenas when applied for. The matter which we must consider is the result of that failure on appellant's case. It was held in Fielden v. State, 216 S. W. 2d 198, that a motion for new trial which was not accompanied by an affidavit of a juror as to the things complained of in alleging jury misconduct would not require the judge to hear the evidence of the jurors. In that case, as in the one now before us, the motion was sworn to. It naturally follows that if it was not proper to hear the evidence in accordance with appellant's application, no harm was done him by a refusal to subpoena the jurors to come to court as witnesses. See Toms v. State, 150 Texas Crim. Rep. 268, 200 S. W. 2d 174.

We further observe in the case before us that the only

claimed misconduct was based upon the question asked the court by the jury, as herein above stated. The evidence in the instant case showed that appellant had previously been given a 99 year sentence for murder; that the victim was his wife; and that he had been paroled after 16 years. The jury had a right to discuss that evidence and the question which it raised. There is no indication in the motion for new trial that such discussion led to any harm to appellant. Unless there is a harmful use of this issue there would be no reversible error. Weems v. State, 131 Tex. Cr. R. 188, 97 S. W. 2d 210.

We find no reversible error and the judgment of the trial court is accordingly affirmed.