## LAWRENCE E. BOONE V. STATE

No. 25326. May 30, 1951.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) October 10, 1951.

Hon. John Snell, Jr., Judge Presiding.

*Lawrence Arnim,* Houston, for appellant.

A. C. *Winborn,* Criminal District Attorney, *Ben S. Morris,* Assistant Criminal District Attorney, both of Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the offense of aggravated assault with a motor vehicle, the jury having assessed the punishment at a fine of $200.

The evidence supports the verdict and need not be discussed.

Appellant filed a motion for new trial claiming misconduct of the jury and incorporated therein and also attached thereto two affidavits of jurors. The bills recite that the trial judge declined to hear the proffered testimony of jurors and overruled the motion because it was not sworn to by appellant or his attorney.

Many decisions of this court may be cited wherein it is said that a motion for new trial on grounds of misconduct of the jury, not verified by the defendant or his counsel, "is fatally defective," or words of similar import. See Carruthers v. State, 143 Tex. Cr. R. 45, 156 S.W. (2d) 988.

In other opinions, it is said that such a motion should be verified; or that an unverified motion is wholly deficient, or that it must be sworn to. See Barboza v. State, 152 Tex. Cr. R. 375, 214 S.W. 2d 630; Holloway v. State, 133 Tex. Cr. R. 359, 111 S.W. 2d 251; Coleman v. State, 135 Tex. Cr. R. 229, 118 S.W. 2d 600; White v. State, 130 Tex. Cr. R. 300, 94 S.W. 2d 167; Chapman v. State, 126 Tex. Cr. R. 645, 73 S.W. 2d 536.

This court has held also that an affidavit made by appellant or his counsel as to matters occurring in the jury room was necessarily based upon hearsay, and that such an affidavit made on information and belief was insufficient to require the court to hear evidence of the jurors, the affidavit of a juror or some other person in position to know the facts being essential. See Toms v. State, 150 Tex. Cr. R. 264, 200 S.W. 2d 174; Hughes v. State, 106 Tex. Cr. R. 550, 293 S.W. 575.

We think that a more accurate statement of the law regarding the necessity for verification of a motion for new trial alleging jury misconduct may be found in Yarborough v. State, 130 Tex. Cr. R. 315, 94 S.W. 2d 179, wherein it was said that where the motion for new trial on the ground of jury misconduct is not sworn to, and no affidavits are filed to support it, the trial court is warranted in declining to hear testimony thereon.

The allegation of the motion supported by the affidavit of the juror Cowell was to the effect that in response to a question of one of the jurors, the officer in charge of the jury stated in the jury room that all of the jurors must agree and the verdict must be unanimous rather than upon the decision of a majority of the jurors.

It is not shown when this occurred, whether during the deliberation of the jury or, this being a misdemeanor case, during their separation. Further, the allegations, if true, would not warrant the granting of a new trial for jury misconduct.

The second affidavit, being that of the juror Vaughan, was to the effect that his only reason for finding appellant guilty of the assault charged was his failure to stop and render aid.

The court properly declined to hear testimony in support of this allegation. Jurors should not be permitted to impeach or stultify the verdict which they have returned by giving their reasons for agreeing thereto. See Killingsworth v. State, 154 Tex. Cr. R. 298, 226 S.W. 2d 635; Arnold v. State, 148 Tex. Cr. R. 310, 186 S.W. 2d 995.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.