## D. LEON CLAY V. STATE.

No. 25531. January 9, 1952.
Rehearing Denied February 20, 1952.

Hon. A. A. Dawson, Judge Presiding.

*L. F. Sanders*, Canton, for appellant.

*Joe Tunnell*, Criminal District Attorney, Canton, and *George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is assault with intent to rape; the punishment, two years.

Prosecutrix testified that appellant was at the time of the assault in question the uncle of her husband whom she had later divorced; that her husband had left their house in the rural section of Van Zandt County, leaving her there alone with appellant, at which time the assault occurred. Prosecutrix extricated herself from appellant's advances and ran to meet her husband, who was returning from the store.

Prosecutrix was supported in her testimony by her family doctor, who testified that she was highly distraught following the attack and that her clothes were torn, and by members of her family, who corroborated the doctor's testimony and told of bruises on her throat which were visible for some time thereafter.

Appellant did not testify, but defended on the grounds of insanity and offered additional evidence which, if it had been believed by the jury, would have indicated that there had been some sort of a flirtation going on between prosecutrix and appellant prior to the attack.

The jury accepted the state's version of the incident and, we feel, were amply supported by the evidence in so doing.

Each of appellant's bills of exception are directed to the failure of the court to grant a new trial on the grounds set forth therein.

Bill of Exception No. 1 complains of jury misconduct relative to a discussion during their deliberations about appellant having been in the penitentiary in Louisiana. Appellant's amended motion for new trial is sworn to by himself as being

true and correct. We do not find attached thereto an affidavit of a juror. From the very nature of the misconduct alleged, it necessarily occurred within the jury room.

In our decisions in Vyvial v. State, 111 Tex. Cr. R. 111, 10 S. W. (2d) 83; Toms v. State, 150 Tex. Cr. R. 264, 200 S. W. (2d) 174; Ramirez v. State, 156 Tex. Cr. R. 262, 240 S. W. (2d) 322; and Boone v. State, 156 Tex. Cr. R. 327, 242 S. W. (2d) 380, we set forth the requirements of a valid motion.

Recently, in Vowell v. State, No. 25,560, 156 Tex. Cr. R. 493, 244 S. W. (2d) 214, we said:

"In the case at bar, the trial court, irrespective of the defect in the motion, proceeds to hear evidence from a number of the jurors. The motion before the court was insufficient as a pleading in that it was not supported by the requisite affidavit of a member of the jury, and, therefore, his action in overruling the same at any stage of the proceedings could not be assigned as error."

Bill of Exception No. 2 seeks to raise the question that the verdict of the jury should be set aside as being contrary to the preponderance and great weight of the testimony.

We have recently held in Ross v. State, 153 Tex. Cr. R. 312, 220 S. W. (2d) 137; McGee v. State, 155 Tex. Cr. R. 639, 238 S. W. (2d) 707; and Wenck v. State, 156 Tex. Cr. R. 50, 238 S. W. (2d) 793, that the question of insanity was a question of fact for the jury; and if there is evidence to support their verdict, we will not disturb the same.

Bill of Exception No. 3 relates to the jury's verdict. We find therefrom that the jury returned to the courtroom following their deliberation and, having agreed upon a verdict, attempted through their foreman to return it orally. At this juncture, the court instructed the jury to write out their verdict, and the foreman, in compliance with such instruction, wrote on the bottom of the charge, "The defendant, D. Leon Clay, was found guilty as charged of 'Assault with intent to rape'. The said defendant was found sane at the time of said offense and assessed a minimum sentence of two years. Dean Brown—Foreman."

There is no showing that appellant objected to this procedure at the time, nor is there a showing that any effort was made by appellant to get the court to poll the jury. We conclude that no error is shown by the bill.

We are cited to Woodall v. State, 58 Tex. Cr. R. 513, 126 S. W. 591, where we reversed the cause, among other things, because the jury did not retire to deliberate before reaching their verdict. Such are not the facts before us here.

Bill of Exception No. 4 complains because a witness was not permitted to testify as to what occurred between him and the prosecutrix at some undisclosed time in the past. The bill is deficient because it does not show specifically what the answer of the witness would have been had he been permitted to testify. There is, further, no showing in the bill that appellant excepted to the ruling of the court in sustaining the state's objection. These are essential.

Bills of Exception Nos. 5, 6, 7, 8 and 9 attack the charge of the court. The complaint in each shows to have been raised for the first time on motion for new trial. Article 658, C. C. P., relating to the court's charge, reads in part, as follows:

"* * * Before said charge is read to the Jury, the defendant or his Counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. * * *"

In Note 67 under the above article in Vernon's Annotated Code of Criminal Procedure, we find numerous authorities holding that objections to a charge first urged in a motion for new trial come too late.

From the record before us, we here now reform and correct the judgment so that it will reflect the verdict as actually returned by the jury, and show that appellant was found guilty of the offense of assault with intent to rape. We do this by virtue of Article 847, Code of Criminal Procedure. In McCorquodale v. State, 54 Tex. Cr. R. 344, 98 S. W. 879, we outlined our function in this respect under the above article.

Finding no reversible error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

The appellant's motion for rehearing is concerned with the fact that he claims that at the time of the commission of the al-

leged offense he had no present intention to ravish the prosecutrix despite her resistance, and that a careful reading of the facts would so convince us. We have again carefully read the facts and also the cases cited by the appellant in support of his propostion.

It will be noted that it is not necessary for the completed act to show the present intention to perform that act. Appellant is charged with an assault with intent to commit the offense of rape. He contends that he would not be guilty under the charge herein because of the fact that he eventually abandoned the intent of his assault.

It has oftentimes been held, and recently so, that the mere fact of the failure to effect his purpose would not necessarily mean that he did not intend to commit the offense. If it was his intent to rape at the time that the assault was perpetrated upon the female, he would be guilty regardless of the fact that he might have failed to effectuate his purpose. See Tucker v. State, No. 25,688, recently decided (Page 259, this volume), 247 S. W. (2d) 901, also 35 Tex. Jur. p. 893, sec. 18, and cases cited.

As to what the intent of the appellant was at the time of the assault, the testimony of the injured party, which was doubtless of assistance to the jury in finding such, is as following:

"Leon stepped over toward the table and I started to go out the back door still calling Clarence and Leon grabbed me and had my hands behind me and I was struggling and trying to get aloose and he threw me down on the kitchen bed and told me that he would get it the way he wanted it. I was fighting him trying to get aloose and he put his knee in my stomach and he was choking me and he said he was going to get it, that I had just as well behave, that he was going to get it—he would kill me if I didn't give it to him."

The motion for rehearing is overruled.