JOHNNY JORDAN V. STATE.

No. 26,441.   May 20, 1953.

*Robert Kirk,* Littlefield, for appellant.

*Curtis R. Wilkinson,* County Attorney, Littlefield, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area; the punishment, a fine of $1,000.

From the statement of facts on motion for new trial, it is obvious that the juror Lambert, while the jury was deliberating, told his fellow jurors that he had on a prior occasion bought whiskey from the appellant.

The state sought to avoid the effect of this receipt of new evidence by eliciting from the jurors the assurance that such new evidence, though discussed, was not "considered" by them in reaching their verdict.

The presumption arising from the receipt of testimony damaging to the accused after the jury had retired may not be rebutted by testimony of the jurors to the effect that they were not influenced by such new evidence. Article 753(7), Vernon's Ann. C. C. P.; McCoy v. State, 113 Tex. Cr. R. 302, 21 S. W. 2d 516; and cases cited.

In Green v. State, 116 Tex. Cr. R. 206, 34 S. W. 2d 280, we said

"The declarations of the jurors that they were influenced by the occurrence taking place in the jury room are not regarded as of any weight on appeal."

In Pafford v. State, 138 Tex. Cr. R. 299, 135 S. W. 2d 990, we held that the receipt of new and harmful facts by the jury during their deliberations which indicated that the accused may have been a bootlegger violated his constitutional rights to be confronted by the witnesses against him.

The statement by the juror that he had on a prior occasion bought whiskey from the appellant was new and harmful evidence improperly presented before the jury and calls for a reversal of this cause.

The judgment is reversed and the cause remanded.