WALTER ROBERSON, JR. V. STATE

No. 27,050.  June 23, 1954
Rehearing Denied October 13, 1954

*Hutcheson & Hutcheson,* by *Bill Hutcheson,* of Counsel, Ft. Worth, for appellant.

*Howard M. Fender,* Criminal District Attorney, *C. Stan Harrell, Grady Owen,* and *Conard Florence,* Assistants District Attorney, Ft. Worth, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery; the punishment, 25 years.

The appellant plead guilty, and the question of punishment was submitted to the jury. The state amply established that the appellant and his companion by the exhibition of a firearm robbed a package store of more than $600.00.

The only question presented for review is alleged jury misconduct. From the bills of exception it is apparent that the following occurred:

1.  On the first ballot eleven jurors voted for 25 years, and one voted for 20 years.

2. The foreman rapped on the door of the jury room and asked the bailiff how long a man would have to serve on his term before he would be eligible for parole, and the bailiff answered, "I believe it would be around one-third of his term" which answer the foreman communicated to his fellow jurors.

3. A second ballot was taken, and all twelve jurors voted for 25 years.

This, of course, is not all the evidence set forth in the bill but it is a summation of that which we consider controlling.

The officer in charge of the jury is not an "unauthorized" person with whom conversation by the jurors is prohibited. Holder v. State, 140 Texas Cr. Rep. 55, 143 S.W. 2d 613, and Gandy v. State, 139 Texas Cr. Rep. 343, 140 S.W. 2d 182. If there is error here, it lies in the fact that appellant was prejudiced by the fact that the information was conveyed to the jurors.

Our primary concern is to determine whether or not the information which was received by the jury was untrue or was harmful to appellant.

In order to answer that question, we must take into consideration how the jury stood at the time they received it. All were willing to give the appellant at least 20 years. With that as a predicate, we then apply Article 775a, V.A.C.C.P., which provides, in part, as follows:

"Art. 775a. Parole. Where the maximum sentence is not four times as great as the minimum sentence, and the convict has served the minimum sentence and has a perfect prison record or where the maximum sentence is greater than four times the minimum sentence, and the convict has served one-fourth of the maximum sentence and has a perfect prison record, such convict shall be paroled during good behavior for the balance of the term imposed upon him . . . ."

Applying this statute to a 20-year term, we find that appellant would be eligible for parole, in the event his prison record was good, in less time than the foreman said. That is, he would be eligible after having served one-fourth of his time rather than one-third, and therefore the appellant was not injured by the information which the jury received.

We cannot bring ourselves to agree that the incident just discussed calls for a reversal of his conviction. See Montello v. State, (page 98, this volume), 267 S.W. 2d 557.

The judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

The sole question raised on this appeal is the failure of the trial judge to grant appellant's motion for new trial because of claimed jury misconduct.

The motion for new trial alleging the receipt of other testimony by the jury, after their retirement, and their discussion of certain statements made by the bailiff, is sworn to by appellant. It is not supported by affidavit of any juror or other person in position to have known the facts. Such a motion has been held to be insufficient. See Moore v. State, 155 Texas Cr. Rep. 147, 232 S.W. 2d 711; Henderson v. State, 154 Texas Cr. Rep. 376, 227 S.W. 2d 821; Fielden v. State, 152 Texas Cr. Rep. 597, 216 S.W. 2d 198; Toms v. State, 150 Texas Cr. Rep. 264, 200 S.W. 2d 174.

We disclaim any intent to approve the conduct of the officer in charge of the jury in communicating with a juror regarding the law applicable to the case. We remain convinced, however, that under the facts reversible error is not shown.

Appellant's motion for rehearing is overruled.