EARL MOORE V. STATE

No. 27,297.   January 26, 1955

Ramsey & Ramsey, by Ben Ramsey, San Augustine, for appellant.

James A. Doherty, County Attorney, San Augustine, and Wesley Dice, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whisky in a dry area; the punishment, six months in jail and a fine of $750.00.

The sole question for review is alleged jury misconduct in that it received new and additional evidence during its deliberations.

The state challenges the sufficiency of the motion for new trial. The motion first recites the jury misconduct which is hereinafter set forth; it then recites, "That the aforesaid information came to the defendant's attorney from conversations with two of said jurors, to-wit, E. J. Birdwell and T. M. Carrell." The motion is sworn to by the appellant, and attached thereto is a separate affidavit of appellant's attorney, who was named in the motion as having learned of the misconduct.

The latest expression of this court on this question is found in Prince v. State, 158 Texas Cr. Rep. 320, 254 S.W. 2d 1006, wherein we said:

"The policy of the law is to discourage 'fishing expeditions' in an effort to impeach a jury verdict. If jury misconduct has occurred, then the appellant is entitled to a hearing, but only where he has learned of such misconduct before the hearing is had. Where the misconduct was of such a nature that it would be known only by members of the jury, then an affidavit of a juror is proper. But this is not the exclusive method. Where the appellant is unable to secure such an affidavit, it is incum-

bent upon him to show this, and why, and, further, to show reasonable grounds for believing that such misconduct actually occurred. For illustration, this might be done by an affidavit of some person, reciting that a member of the jury had told them of misconduct, followed by affidavit of appellant or in his behalf to the effect that, though requested to do so, such juror had refused to make an affidavit thereto. This also might be done by any other method that would put the trial court on notice that misconduct had occurred. This is not done by a motion which tells the trial court, 'I think misconduct has occurred and, though unable to verify it, I want to examine the jury to determine whether or not such did occur.' "

While the motion before us here does not comply fully with the illustration heretofore set forth, in that the motion does not recite that the attorney requested the juror to make an affidavit and that the juror refused, we have concluded that it comes within the purview of the sentence which follows.

We hold the motion to be sufficient.

From the statement of facts on motion for new trial it appears that while the jury was deliberating a statement was made by one of their number that he knew the appellant and that he had been bootlegging for a number of years. At another juncture during their deliberations the statement was made that the appellant had killed a Negro and had gone to the penitentiary for it. Juror Birdwell testified that before such statements were made he had voted for a fine of $500 and no jail sentence and that thereafter he voted for the verdict which was rendered.

The state called some of the jurors who testified that they did not hear these statements made but they did not testify that no such statement had been made.

In Jordan v. State, 158 Texas Cr. Rep. 543, 258 S.W. 2d 85, we reversed a conviction for the unlawful sale of whisky where one of the jurors told his fellows during their deliberation that he had personally on a prior occasion bought whisky from the appellant. Pafford v. State, 138 Texas Cr. Rep. 299, 135 S.W. 2d 990, is cited with approval in the Jordan case.

The statements of the jurors constituted new and harmful evidence in violation of the appellant's constitutional rights to be confronted by the witnesses against him.

The judgment is reversed and the cause remanded.

DAVIDSON, Judge, concurring.

I concur in the reversal of this case because the uncontroverted evidence adduced upon appellant's motion for a new trial shows that the jury, during their deliberations, received new, other, and additional evidence harmful and prejudicial to the appellant.

Art. 753, Sec. 7, Vernon's C. C. P., requires the granting of a new trial under such conditions. The authorities supporting the rule are numerous and will be found collated under that statute.

WOODLEY, Judge, dissenting.

The state excepted to the motion for new trial because it was not supported by the affidavit of a juror, pointing out that the matters being such as could have transpired only in the jury room, were necessarily hearsay as to appellant and his counsel. The motion shows on its face that as to the attorney the matters were hearsay.

The trial court heard the evidence adduced in support of the allegations and overruled the motion. It does not appear that such order was entered on the state's exception. Appellant made no effort to explain or excuse his failure to furnish affidavit from a juror or other person who was in position to know the facts regarding what transpired in the jury room.

Valdez v. State, 157 Texas Cr. Rep. 363, 248 S.W. 2d 744, cited to the trial court in support of the state's exception, and the following decisions of this court hold that the affidavit of some person in position to know the facts is essential. Clay v. State, 157 Texas Cr. Rep. 32, 246 S.W. 2d 180; Allala v. State, 157 Texas Cr. Rep. 458, 250 S.W. 2d 207; Hicks v. State, 158 Texas Cr. Rep. 45, 251 S.W. 2d 409; Moore v. State, 155 Texas Cr. Rep. 147, 232 S.W. 2d 711; Henderson v. State, 154 Texas Cr. Rep. 376, 227 S.W. 2d 821; Hughes v. State, 106 Texas Cr. Rep. 550, 293 S.W. 575.

Other cases refer to a failure to show the source of information of the affiant, name the informant, or allege that the statement was made by a juror, but lay down the same rule. Vyvial v. State, 111 Texas Cr. Rep. 111, 10 S.W. 2d 83; Toms

v. State, 150 Texas Cr. Rep. 264, 200 S.W. 2d 174; Vowell v. State, 156 Texas Cr. Rep. 493, 244 S.W. 2d 214; Fielden v. State, 152 Texas Cr. Rep. 597, 216 S.W. 2d 198.

In Prince v. State, 158 Texas Cr. Rep. 320, 254 S.W. 2d 1006, in the quotation appearing in Presiding Judge Morrison's opinion, we pointed out that the affidavit of a juror was not the exclusive method by which misconduct of the jury occurring in the jury room might be raised, and said:

"Where the appellant is unable to secure such an affidivit, it is incumbent upon him to show this, and why, and, further, to show reasonable grounds for believing that such misconduct actually occurred."

Appellant did not bring himself under this exception to the rule when he alleged that the information came to his attorney from conversations with two named jurors. He wholly failed to comply with the rule stated in all of the cases cited, which requires that the affidavit of a juror be secured; or to bring himself within the exception mentioned in the Prince case, which makes it incumbent upon him to show that he is unable to secure such affidavit, and why, as well as to show a reasonable ground for believing that the misconduct alleged actually occurred.

The state's exception should have been sustained and appellant required to conform to the rule stated or bring himself within the exception.

Under the authorities cited, the action of the court in overruling the motion for new trial should be upheld as within the discretion of the trial judge, the pleading not being sufficient to raise the question of the receipt of evidence by the jury during their deliberations. If the cases are to be overruled by my brethren, they should so state in order that the bar be informed.

I respectfully enter my dissent.