## NUGON McCOY v. STATE

No. 27,304. January 26, 1955.
State's Motion for Rehearing Denied
(Without Written Opinion) March 9, 1955.

*Ramsey & Ramsey*, by *Ben Ramsey*, San Augustine, for appellant.

*James A. Doherty*, County Attorney, San Augustine, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the sale of whiskey in a dry area; the punishment, 30 days in jail and a fine of $500.00.

The only question presented for review is jury misconduct

in that they secured new and additional evidence during their deliberations.

From the statement of facts on motion for new trial it appears that four jurors testified that during their deliberations one of their number stated that the appellant had bootlegged all his life or for a number of years. One of the jurors testified, "Seems like it might have been mentioned one time," and the sixth juror stated that he did not remember the statement having been made but did not deny that it was made.

In Rogers v. State, 158 Texas Cr. Rep. 8, 252 S.W. 2d 465, we said, "Since this testimony as to what occurred in the jury room was not controverted, no issue of fact was raised for the trial court's determination."

In Jordan v. State, 158 Texas Cr. Rep. 543, 258 S.W. 2d 85, we reversed a conviction for the unlawful sale of whiskey where one of the jurors told his fellows, during their deliberation, that he had personally on a prior occasion bought whiskey from the appellant. In that case we went further and said that the statements of the jurors that they did not consider such new evidence in reaching their verdict did not cure the error occasioned by its receipt.

This was the receipt of a new and harmful fact against the accused which violated his constitutional right to be confronted by the witnesses against him.

The judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

The same question is raised here as in Moore v. State, No. 27,297, this day decided, 160 Texas Cr. Rep. 642, and the motion for new trial is deficient in the same particulars as in that case.

My views are stated in the dissenting opinion in the Moore case. I respectfully dissent from the order reversing the conviction.