277 S.W.2d 721 (1955)
Jack WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 27375.
Court of Criminal Appeals of Texas.
March 9, 1955.
T. M. Reid, Abilene, for appellant.
Wesley Dice, State's Atty., Austin, for the State.
MORRISON, Presiding Judge.
The offense is possession of whiskey in a dry area for the purpose of sale; the punishment, 45 days in jail and a fine of $150.
Our original opinion herein is withdrawn, and the following substituted in lieu thereof.
In view of our disposition of this cause, a recitation of the facts is not deemed necessary other than to observe that the arresting officer stated that he saw the appellant come out of a yard with a sack under his arm and walk to an automobile occupied by Floyd Bogan and that he later learned that the sack contained whiskey.
Appellant's motion for new trial alleging jury misconduct was supported by the affidavits of two members of the jury panel.
All the jurors testified at the hearing. Five of the jurors testified that during their deliberations one of their number had stated Bogan was a known bootlegger and had a reputation for offenses of that kind. There was no evidence to support such statement. Two of the jurors admitted having made the statement, and some of them said that it was mentioned several times.
Juror Jackson testified that he originally wanted to give the appellant the minimum fine but that after he heard the discussion about Bogan he agreed to the punishment which was assessed (which is in excess of the minimum).
We have concluded that the testimony of juror Jackson, which is not contradicted, reflects such misconduct as to call for a reversal of this conviction. Price v. State, 150 Tex.Cr.R. 161, 199 S.W.2d 168, and Jackson v. State, 157 Tex.Cr.R. 323, 248 S.W.2d 748.
Pafford v. State, 138 Tex.Cr.R. 299, 135 S.W.2d 990, and Jordan v. State, 158 Tex. Cr.R. 543, 258 S.W.2d 85, are authority for the holding that the unsworn testimony about Bogan violated appellant's constitutional *722 rights to be confronted by the witnesses against him.
The appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment is now reversed and the cause remanded.