L. B. TEMPLIN V. STATE.

No. 29,858. June 28, 1958.
State's Motion for Rehearing Overruled
(Without Written Opinion) October 22, 1958.

*J. C. Darroch*, Brownwood, and *R. E. Murphey*, Coleman, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Our prior opinion is withdrawn.

The offense is the sale of whiskey in a dry area; the punishment, one year in jail and a fine of $500.00.

In view of our disposition of this cause, a recitation of the facts will not be necessary except to say that the state relied upon proof of the sale of one pint of whiskey and there was no proof of prior conditions.

Appellant's amended motion for new trial was sworn to and recited that the appellant had discussed his case with members of the jury panel who tried his case and learned from these conversations that during their consideration of his cause they had discussed other evidence than that introduced in the case but that said members were unwilling to make an affidavit to such facts "but that they assert the same to be true."

At the hearing on said motion, the appellant called three jurors, and the state called one. The record fails to reveal the names or the sexes of the remaining jurors who were not called. Juror U. S. Branscum testified that after they had agreed on

the appellant's guilt, and while they were considering the question of punishment, "a lady there said that she knew that he (the appellant) was a bootlegger." Juror Mrs. Rex Herring testified that at such time "somebody said he had been in trouble before."

Mrs. Callaway, the only juror called by the state, denied that she had made such statement but did not deny that the same had been made, saying only that she did not remember the statement about the appellant being a bootlegger having been made.

It has been the consistent holding of this court that testimony such as that of Mrs. Callaway does not create an issue of fact which may be resolved by the trial judge and that it becomes the duty of the trial judge to grant the motion for new trial. See McCoy v. State, 161 Texas Cr. Rep. 179, 275 S.W. 2d 676, and Gibbs v. State, 163 Texas Cr. Rep. 370, 291 S.W. 2d 320.

Upon another trial custody of the bottle of whiskey should be more fully developed.

Appellant's motion for rehearing is granted; the judgment of affirmance is set aside; and the judgment is now reversed and the cause remanded.