**Alex REEVES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36934.**

Court of Criminal Appeals of Texas.

May 6, 1964.

Rehearing Denied June 10, 1964.

Herbert C. Martin, Amarillo, for appellant.

Dee D. Miller, Dist. Atty., B. G. Compton, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder with malice; the punishment fifteen years.

The State's witnesses plus appellant's written confession show that during the course of an argument in a cafe, appellant cut the unarmed deceased in the stomach with a knife and pursued him as he fled into the alley where he hit him with a board until someone intervened. In a stipulation in which appellant personally joined, it was agreed that deceased met his death as the result of knife wounds in the stomach. Appellant testifying in his own behalf stated that when deceased put his hand in his pocket, he cut him with the knife because he did not know what deceased had in his pocket. He admitted hitting deceased with a board after they left the cafe, but stated that he desisted when he saw that "there was no more fight in him."

The sole question presented for review is the failure of the court to grant appellant's motion for new trial which alleged jury misconduct which necessarily occurred, if it did, during their deliberation. No affidavit of a juror is attached to the motion for new trial and none of the jurors were called as witnesses by appellant at the hearing, nor were subpoenas issued for their attendance at such hearing. All that appellant has is an affidavit made by his attorney which asserts that he had spoken to some of the jurors (not naming them) and that they told him that during their deliberations they had discussed the length of time appellant would have to serve on a given sentence, but that no juror was willing to sign an affidavit setting forth such facts.

Reliance is had upon Clark v. State, 163 Tex.Cr.R. 54, 289 S.W.2d 288. In that case the attorney swore that he had spoken to Mr. Bloomingdale, the foreman, and that Bloomingdale had told him of certain discussions of the law between the jury and the bailiff, in violation of Article 673 Vernon's Ann.C.C.P., and he further swore that the bailiff had told him of this unauthorized conversation, but that both men refused to make affidavits to such effect. In Clark also the appellant asked that each member of the jury as well as the bailiff be summoned so that they might be examined

touching the facts set forth in his counsel's affidavit. This request was by the court refused. In the affidavit before us here, no juror is named and none were summoned or examined. In Moore v. State, 160 Tex. Cr.R. 642, 275 S.W.2d 673, and McCoy v. State, 161 Tex.Cr.R. 179, 275 S.W.2d 676, several of the jurors did appear at the hearing on the motion for new trial and testified as to the jury misconduct which occurred within the jury room. We would not be inclined to extend the rule in the above cases and hold the vague and indefinite affidavit before us here, without proof or offer of proof to support it, shows that jury misconduct actually occurred. We are not impressed with appellant's contention that the statement made by the court when he overruled the motion constituted a finding that the alleged jury misconduct had actually occurred.

Finding no reversible error, the judgment is affirmed.